# EXHIBIT D

## EMPLOYMENT CONTRACT FOR CIVIL REPRESENTATION
### CONTINGENT ATTORNEYS FEE

*THIS AGREEMENT* is made and entered into this ___1___ day of February 2004, by and between Julie Botvin individually and on behalf of the Estate of Yael Botvin, hereinafter referred to as Client, and (1) Heideman Lezell Nudelman & Kalik, P.C., (2) The Perles Law Firm, P.C. and (3) Russell E. Ellis, Esq. hereinafter collectively referred to as "Attorneys" or "the Attorney". The Client hereby employs, engages, and retains the Attorney to represent her in a claim for damages resulting from the suicide bombing at the Ben Yehuda Street Mall in Jerusalem, Israel on September 4, 1997 that killed Yael Botvin.

Payment for services rendered by the Attorneys to the Client shall be done in the following manner: The amount finally recovered shall be disbursed forty (40%) per cent to the Attorneys as attorney's fees, or as otherwise limited and/or subject to court or administrative agency approval, as may be required under state or federal law. From the remaining of such monies, after first deducting said attorney's fees, the attorneys, the client, and/or any third parties who may have advanced expenses, or who may be owed expenses or costs incurred during the course of the representation shall be reimbursed thereby reaching a net distributable amount. The remaining net distributable amount, after all costs and attorney's fees, shall be disbursed to Client as Client's portion of the total recovery. It is agreed and understood that all medical bills/expenses incurred by the Client for medical treatment and services rendered to the Client remain and are the sole responsibility of the Client, and that said medical bill/expenses shall not be deducted from the amount finally recovered, nor reimbursed to the Client from the amount finally recovered, as they shall be paid solely by the Client's portion of any recovery and/or directly by the Client. Attorneys shall have no responsibility for the payment of any medical related bill or expense.

It is agreed and understood that, if no recovery is made, the Attorneys are to receive no attorney fee whatsoever. However, regardless of whether or not a recovery is made, the Client agrees to pay all court costs incurred and all expenses incident to the negotiation or prosecution of the suit, such as any medical or hospitalization bills, medical reports, the cost of photographs, maps, diagrams, records, investigation services, travel expenses incurred, photocopies, postage, shipping charges, telephone expenses, witness fees, court reporter fees, per the fee schedule executed by Client as same may change from time to time. All such costs and expenses shall be advanced by Client to HEIDEMAN LEZELL NUDELMAN & KALIK, P.C. Escrow Account for payment in advance or immediately upon being incurred or upon receipt of billing therefore.

It is agreed and understood that Steven R. Perles, Esq. of The Perles Law Firm, P.C., and Russell E. Ellis, Esq. will serve as Of Counsel on this matter. All Counsel will give equal services and effort and will each receive 1/3 (one-third) of attorneys fees. It is further agreed and understood that Attorney may, in its sole discretion, engage the services of co-counsel at no additional cost to the plaintiff, but that no representation is made as to which attorney or paralegal at Heideman Lezell Nudelman & Kalik, P.C. may render services, nor which additional co-counsel, if any, may be engaged.

The Attorneys accepts the representation under the conditions set forth herein, but it is understood and agreed that after the Attorneys have reviewed the Client's claim, or if the Attorneys finds the defendant is not insured, or that collection of any judgment will likely prove to be impossible, or for other reasons determined in the sole opinion of Attorneys, the Attorneys may then decline to further represent the Client, terminate the contract and/or declare this Contract of Employment null and void. In the event of termination of the contract for any reason, Attorneys shall be compensated by Client for services rendered on an hourly basis per the Attorney's fee schedule, whether or not client utilizes any work product from Attorney, but only in the event client obtains a recovery on the case directly or through another attorney.

_____
Julie Botvin individually and
On behalf of the ESTATE of
Yael Botvin
#7 Masaryk Street
93106 Jerusalem, ISRAEL

Heideman Lezell Nudelman & Kalik, P.C.

By: _____
    Richard D. Heideman

The Perles Law Firm, P.C.

By: _____
    Steven R. Perles

The Law Office of Russell E. Ellis

By: _____

    Russell E. Ellis

G:\Clients\Botvin, Yael\Contract.Julie.011404.doc