UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Estate of Yael Botvin, et al.** | : |
| **Plaintiffs,** | : |
| v. | : Civil Action No. 1:21-cv-03186 (RCL) |
| **Heideman Nudelman & Kalik, P.C., et al.** | : |
| **Defendants.** | : |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

COME NOW Defendants The Heideman Law Group, P.C. d/b/a Heideman Nudelman & Kalik, P.C., incorrectly sued separately as "Heideman, Nudelman & Kalik, P.C., and The Heideman Law Group, P.C.," Richard Heideman, Noel Nudelman, and Tracy Reichman Kalik, by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and respectfully submit this opposition to Plaintiffs' motion for an extension of time to respond to Defendants' motion to dismiss. As grounds therefore, Defendants respectfully submit as follows:

1. Plaintiffs' filed a Complaint alleging legal malpractice against Defendants on December 6, 2021. Defendants deny liability vigorously.

2. Defendants waived service of process pursuant to Rule 4(d), and they filed a timely motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and for failure to join necessary parties pursuant to Rule 12(b)(7).

3. Pursuant to Local Civil Rule 7(b), Plaintiffs' response to Defendants' motion is due within fourteen days. Because Defendants filed their motion to dismiss on February 11, 2022, Plaintiffs' response is due on February 25, 2022.

4. Plaintiffs' counsel contacted Defendants' counsel to request the courtesy of an extension on Monday, February 14, 2022. Plaintiffs' counsel requested a five-week extension of time to respond to Defendants' motion.

5. Defendants responded, as a matter of professional courtesy, and in the spirit cooperation, that they were willing to give Plaintiffs additional time. But Defendants proposed a shorter extension from the 14 days permitted under Local Civil Rule 7(b) to 31 days until March 14, 2022. Defendants' proposed extension of time is more than twice the duration the Local Civil Rules allocate for a motion response.

6. Plaintiffs' counsel demanded to know why Defendants were reluctant to extend briefing until April 1, 2022 at 4:43 p.m. on February 15, 2022. Before Defendants had an opportunity to respond, Plaintiffs' counsel filed this motion to extend at 10:16 a.m. on February 16, 2022.

7. Defendants' remain prepared to consent to an extension of time until March 14, 2022. Plaintiffs offer no reason for a five week extension other than the fact that they provided a copy of a draft complaint to Defendants on June 9, 2021. If there was a compelling reason for such an extension, Plaintiffs did not offer one.

8. Plaintiffs' counsel criticize Defendants for their reluctance to consent to a five-week extension. Yet, it is the Plaintiffs who seek Defendants' agreement to such a lengthy briefing schedule. And it is the Plaintiffs who bear the burden of explaining why this Court should extend their time to respond so far beyond what the Local Civil Rules permit. *See* Fed. R. Civ. P. 6(b).

9. Even so, Defendants believe Plaintiffs' Complaint lacks any genuine legal merit, and they would like the parties to brief the motion to dismiss for this Court's consideration as

soon as practicable. The fact that Plaintiffs' counsel previously provided a draft of the Complaint, which differs from the Complaint he filed in December, is immaterial.

10. Defendants' motion to dismiss complied with the Local Civil Rules' page limit requirements, and Defendants filed their motion timely according to Rule 4(d) upon waiving service of process. The Local Civil Rules make no distinction between the time to respond to a two-page motion and a 45-page motion. And they make no distinction between the time to respond to a motion to dismiss filed in response to a hand-served or service-waived complaint.

11. Defendants endeavored to work with Plaintiffs' counsel in good faith to provide a reasonable accommodation to his request for an extension. Defendants were under no obligation under the Local Civil Rules to consent to any enlargement of time. Recognizing the importance of professional courtesy, however, Defendants agreed to grant a reasonable extension – albeit shorter than Plaintiffs' counsel proposed.

12. Apparently, Plaintiffs' counsel chose to reject Defendants' proposed offer of an extension without conferring further with Defendants. Moreover, Plaintiffs' counsel – apparently seeking to influence this Court's evaluation of the merits of Plaintiffs' Complaint as part of the pending motion to dismiss – interjected the fact that the parties attempted to resolve their dispute through mediation.

13. The fact that the parties mediated this case before Plaintiffs filed their Complaint and the identity of the mediator who participated in that process are completely irrelevant pertaining to the pending motion before the Court. They have no bearing on Plaintiffs' request for an extension, or for that matter, the pending motion to dismiss. Plaintiffs' reference to those issues is improper and should be stricken. *See* Fed. R. Civ. P. 12(f).

14. Defendants respectfully request this Court to deny Plaintiffs' motion for a five week extension, and to the extent that the Court agrees that Plaintiffs be granted a reasonable extension, Defendants request that the Court grant the extension, as the Court deems appropriate, but order that Plaintiffs file their opposition not later than March 14, 2022. In the event such an extension is granted, Defendants request that they have until March 28, 2022 to file their Reply.

WHEREFORE, Defendants The Heideman Law Group, P.C. d/b/a Heideman Nudelman & Kalik, P.C., incorrectly sued separately as "Heideman, Nudelman & Kalik, P.C., and The Heideman Law Group, P.C.," Richard Heideman, Noel Nudelman, and Tracy Reichman Kalik respectfully request this Court deny Plaintiffs' motion for an extension of time to respond to Defendants' motion to dismiss.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

*/s/ Jason R. Waters*
Jason R. Waters (#491066)
Callyson T. Grove (#1015612)
1500 K Street, N.W., Suite 330
Washington, D.C. 20005
(202) 626-7660
(202) 628-3606 facsimile
Jason.Waters@wilsonelser.com
Callyson.Grove@wilsonelser.com
*Counsel for Defendants The Heideman Law Group, P.C. d/b/a Heideman Nudelman & Kalik, P.C.; Richard Heideman; Noel Nudelman; and Tracy Reichman Kalik*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2022, I electronically filed and served Defendants' Opposition to Plaintiffs' Motion to Extend and proposed Order using the Court's CM/ECF system on counsel of record for all parties in this action.

> Robert J. Tolchin
> The Berkman Law Office, LLC
> 111 Livingston Street, Suite 1928
> Brooklyn, NY 11201
> *Counsel for Plaintiffs*

> /s/ Jason R. Waters
> Jason R. Waters, Esquire