**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Estate of Yael Botvin, et al. | : | |
| | : | |
| **Plaintiffs,** | : | |
| v. | : | Civil Action No. 1:21-cv-03186 (RCL) |
| | : | |
| Heideman Nudelman & Kalik, P.C., et al. | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**
**OF THIS COURT'S OPINION AND ORDER OF SEPTEMBER 27, 2022 GRANTING**
**DEFENDANTS' MOTION TO DISMISS**

COME NOW, Defendants The Heideman Law Group, P.C. d/b/a Heideman Nudelman &

Kalik, P.C., incorrectly sued separately as "Heideman, Nudelman & Kalik, P.C., and The

Heideman Law Group, P.C.," Richard Heideman, Noel Nudelman, and Tracy Reichman Kalik, by

and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and

submit this Opposition to Plaintiffs' Motion for Reconsideration pursuant to Federal Rules of Civil

Procedure 52(b), 59(e), and 60(b)(6).

**I.     INTRODUCTION**

On September 27, 2022, this Court issued an extensive 28-page Memorandum Opinion

(ECF No. 14, hereinafter, the "Opinion") and Order (ECF No. 15) dismissing Plaintiffs' Complaint

with prejudice. With well-reasoned and supported analysis, this Court properly rejected the

incorrect premise of Plaintiffs' case – legal malpractice causation can be based on hindsight, no

matter how unforeseeable or speculative at the time of the alleged negligence. This Court held that

Plaintiffs failed to state a claim because they could not meet their burden to prove proximate cause

where a chain of unprecedented events "was far too unforeseeable for a finding of proximate

1

causation." Opinion at 20. The Court further held that Plaintiffs' allegations impermissibly asked the Court to speculate about the outcome of a different cause of action. Opinion at 26-27.

In response to the Opinion and Order, Plaintiffs filed a Motion for Reconsideration that is scant on legal authority, rests exclusively on the same flawed legal arguments already advanced and rejected, and resorts to a barrage of mischaracterizations of this Court's Opinion. (ECF No. 16, hereinafter "Mot."). Plaintiffs' Motion for Reconsideration attempts to relitigate Defendants' Motions to Dismiss. The present motion is wholly devoid of any new assertions that were not previously before the Court when it considered the merits of, and granted, Defendants' Motion to Dismiss; nor do Plaintiffs set forth any sufficient reason justifying relief from the operation of the judgment. As a result, Plaintiffs' Motion for Reconsideration is facially frivolous and defective and fails to provide this Court with any basis for it to reverse itself.

Plaintiffs' Motion for Reconsideration is a textbook example of why motions for reconsideration are disfavored by the courts. Plaintiffs raise no extraordinary circumstances that would warrant reconsideration of this Court's Order. Nor do Plaintiffs provide this Court with any legal authority that was ignored or misapprehended by the Court when considering Defendants' Motion to Dismiss. Instead, Plaintiffs' motion seeks to circumvent the black-letter case law cited in the Court's carefully crafted Opinion and Order, using arguments already found lacking by the Court. Given this, this Court should deny Plaintiffs' Motion for Reconsideration as its prior proximate cause and speculation analysis was legally sound and properly applied to the inadequate allegations of Plaintiffs' Complaint.

## II.   THE DEMANDING STANDARDS FOR RECONSIDERATION ARE NOT MET HERE.

Plaintiffs completely fail to address the legal standards that govern the relief they seek. They cite, only in passing, Federal Rules of Civil Procedure 52(b), 59(e), and 60(b)(6), and "the

Court's inherent and equitable powers." Mot. at 1. None of these rules are designed to enable a party to re-submit arguments already briefed and considered after the Court has ruled against it. *See Ali v. Carnegie Inst. Of Wash.,* 309 F.R.D. 77, 80 (D.D.C. 2015) ("It is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled."). As is readily apparent, Plaintiffs' motion proffers nothing new and certainly cites no extraordinary circumstances that could conceivably support creating an exception to the rule of finality, or to justify reversing the dismissal with prejudice of Plaintiffs' Complaint, a determination based upon the correct application of the law to the allegations of the Complaint. It is not enough to reargue – as Plaintiffs do here – allegations and theories upon which this Court has already ruled. *Ali*, 309 F.R.D. at 80 ("Where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). Plaintiffs' motion does not include any proper basis or reason for seeking reconsideration.

### a.  Federal Rule of Civil Procedure 52(b)

Plaintiffs' invocation of Rule 52(b) as a basis for their motion, Mot. at 1, is misplaced. Rule 52 is inapplicable here as this case does not involve "an action tried on the facts without a jury or with an advisory jury," but a decision on a Rule 12(b)(6) motion to dismiss. *Stankevich v. Kaplan*, Civil Action No. 15-827 (RCL), 2016 U.S. Dist. LEXIS 202793, at *2 n.1 (D.D.C. Aug. 12, 2016).[1] Even if Rule 52 were applicable, Plaintiffs' motion completely fails to meet the "heavy burden" a

---

[1] *See also Walsh v. Law Offices of Howard Lee Schiff, P.C.*, No. 3:11-cv-1111 (SRU), 2013 U.S. Dist. LEXIS 2269, at *4 (D. Conn. Jan. 7, 2013) (Rule 52 is "simply inapplicable" to a decision on a motion to dismiss as a Court does not "find" facts when considering a Rule 12(b)(6) motion, "but rather assumes the truth of factual allegations to determine if the plaintiff has stated a plausible claim for relief"); *Bradford-Holmes v. Grant Cty. Sheriff's Dep't*, 923 F.3d 1259, 1260 (10th Cir. 2019) ("Rule 52(b) applies only to cases where findings of fact have been made by the district court after a trial;" and does not apply here "where the district court granted a motion to dismiss as a matter of law and without a trial.").

party bringing a Rule 52(b) motion bears to demonstrate clear error of manifest injustice that would necessitate the Court exercising its "sound discretion" to amend any findings or the judgment in this case. *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 91 (D.D.C. 2017). Notably, a Rule 52(b) motion "is not an avenue for relitigating issues upon which the moving party did not prevail." *Id.*

### b. Federal Rule of Civil Procedure 59(e)

Federal Rule of Civil Procedure 59(e) permits "[a] motion to alter or amend a judgment," Fed. R. Civ. P. 59(e), but requires the moving party to establish "extraordinary circumstances warranting relief from judgment." *Paleteria La Michoacana, Inc.*, 247 F. Supp. 3d at 91. Rule 59(e) motions are considered "disfavored." *Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 63 (D.D.C. 2015). "Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015). Rule 59(e) motions are "discretionary and need not be granted unless the court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004).

Like Rule 52(b) motions, Rule 59(e) motions "cannot be used as 'an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.'" *DeSilva v. Castro*, 314 F.R.D. 17, 18 (D.D.C. 2016) (internal citation omitted); s*ee also Mouzon*, 309 F.R.D. at 63 ("Rule 59(e) does not provide a vehicle 'to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"). The rationale for this rule is that "Rule 59(e) motions are aimed at reconsideration, not initial consideration." *GSS Grp. Ltd v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012).

276892195v.3

**c.   Federal Rule of Civil Procedure 60(b)(6)**

Federal Rule of Civil Procedure 60(b) allows the Court to relieve a party from a final judgment, order, or proceeding for five enumerated reasons (that Plaintiffs do not argue here), or the catchall in Rule 60(b)(6) "any other reason that justifies relief." The standards governing Rule 60(b) are "even more restrictive" and "the bar stands even higher for a party to prevail on a Rule 60(b) motion for relief from judgment than on a Rule 59(e) motion" *Kline v. Archuleta*, 309 F.R.D. 91, 92 (D.D.C. 2015) (internal citations omitted). Rule 60(b)(6), the catchall subsection argued by Plaintiffs, Mot. at 1, "applies only to extraordinary situations and should be sparingly used." *Kline*, 309 F.R.D. at 93 (citing *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988)); *see also Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007) ("plaintiffs must clear a very high bar to obtain relief under Rule 60(b)(6)").

Ultimately, "the decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *Kareem v. FDIC*, 811 F. Supp. 2d 279, 282 (D.D.C. 2011). However, "Courts should deny motions for reconsideration when it appears that the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment." *Aygen v. District of Columbia*, 311 F.R.D. 1, 3 (D.D.C. 2015) (citation omitted). Case law "makes clear that Rule 60(b)(6) is not an opportunity for unsuccessful litigants to take a mulligan." *Kramer*, 481 F.3d at 792.

Here, Plaintiffs' Motion for Reconsideration fails to meet the demanding legal standards – Plaintiffs do not present any changed law, new facts, and certainly no clear error of law to compel, let alone justify, a change in this Court's Order. Simply put, there are no "extraordinary circumstances" asserted and Plaintiffs' attempts to merely reargue previous unsound legal

5

assertions, is patently insufficient and not a proper basis for seeking reconsideration. *See, e.g.*, *Amoco Prod. Co. v. Fry*, 908 F. Supp. 991, 993 (D.D.C. 1995).

### III.   PLAINTIFFS' MOTION FOR RECONSIDERATION FAILS TO PROVIDE ANY AUTHORITY THAT SPECIFICALLY ALLEGED HARM DOES NOT NEED TO BE FORESEEABLE TO ESTABLISH PROXIMATE CAUSE.

Plaintiffs' Motion for Reconsideration has failed to demonstrate any clear error in this Court's well-reasoned Opinion and Order relating to its analysis of proximate causation in a legal malpractice case that would warrant reconsideration and reversal. The only legal authority Plaintiffs rely on is copied and pasted verbatim from the briefing already considered by the Court. *Compare* Mot. at 2-3 *with* Plaintiffs' Opposition, ECF No. 12 (hereinafter, "Opp.") at 30-31. They claim "All that is required to establish proximate cause is that the type of harm be reasonably foreseeable; not the exact details." Mot. at 2. Plaintiffs readily acknowledge that they are merely repeating the same argument already made and rejected. Mot. at 2 ("This issue is addressed with citation to relevant caselaw in Point II" of Plaintiff's Opposition).

Plaintiffs' deficient foreseeability argument was thoroughly addressed in Defendants' Reply Memorandum in Support of their Motion to Dismiss (ECF No. 13, pp. 8-13, hereinafter "Reply"). In summary, Defendants responded to Plaintiffs' erroneous foreseeability analysis that Plaintiffs were wrong to claim they need only allege foreseeability that any judgment against Iran would eventually be enforceable, but instead must adequately allege foreseeability of the specific collection action and settlement agreement Plaintiffs' allege they were harmed by not being included in. Reply pp. 8-9. Defendants further distinguished the ordinary negligence case law involving the foreseeability of criminal activity cited in the Opposition and now copied into the Motion for Reconsideration. Reply pp. 11-12. Plaintiffs' claim that "the proper formulation of the proximate cause issue in this case is whether it was foreseeable that Plaintiffs would lose

opportunities to enforce a judgment against Iran" due to alleged delays, Mot. at 3, is no different that the proximate cause standard applied by the Court as to whether the *Peterson* settlement agreement was foreseeable to Defendants, as participation in the *Peterson* settlement agreement is the only opportunity Plaintiffs allege to have lost, *see generally* Compl.[2] Plaintiffs did not, and could not, allege some other collection opportunity lost based on the date of Plaintiffs' judgments. Indeed, at the relevant times, "virtually all" judgements against Iran had "gone unsatisfied," Opinion at 22 (citing *In Re: Islamic Repub. of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 36 (D.D.C. 2009)) and, despite Plaintiffs' flawed efforts to analogize several other cases, Plaintiffs have never identified a single example of successful recovery by a terror victim against Iranian assets prior to the unprecedented and unforeseeable *Peterson* settlement agreement. Reply p. 9 n.7.

    Prior to issuing its Opinion and Order, the Court carefully considered the parties' briefing. This is not only expressly stated in the Court's Opinion (Opinion p. 2 (After considering the motion, the applicable law, and the parties' briefing . . ."), p. 16 (citing all briefing)), it is also apparent from the Court's careful discussion in the Opinion of the parties' arguments that the Court reviewed and was familiar with the parties' briefing (*e.g.*, Opinion p. 19, n.9, 22-23 (quoting and

---

[2] Plaintiffs' Complaint makes abundantly clear that the only harm alleged was the inability to participate in the *Peterson* settlement agreement. *See, e.g.*, Compl. ¶ 97 (with earlier judgment "there would have been plenty of time for Defendants to file a lien on the Clearstream assets"); ¶ 102 (should have moved "to intervene in the *Peterson* case on behalf of the Plaintiffs"); ¶ 106 ("took no measures to obtain a portion of the Peterson/Citibank money for the Goldberg-Botvin plaintiffs"); ¶ 107 ("Plaintiffs did not even have a seat at that table and got none of that [*i.e.*, the Peterson/Citibank] money"); ¶ 108 (Plaintiffs calculation of what they allegedly would have recovered from inclusion in the Peterson/Citibank case); ¶ 109 ("Plaintiffs did not have their judgment in time to serve creditor process on Citibank and get themselves included in the Peterson/Citibank case); ¶ 110 (alleged amount lost by Plaintiffs "that they could have recovered in the Peterson/Citibank case"); ¶ 117 (Plaintiffs' damages are "that their judgment came too late for them to execute their judgment against the Peterson/Citibank assets"); ¶ 118 ("But for Defendants' negligence, Plaintiffs would have been included in the Peterson/Citibank case and would have received a share of the recovery therein").

7

citing Plaintiff's Opposition)). Contrary to the claim in Plaintiffs' Motion that the Court's Opinion "did not directly address" the foreseeability issue, the Court's Opinion includes a lengthy discussion of the foreseeability required to establish proximate causation in a legal malpractice claim and correctly concludes Plaintiffs failed to adequately allege the requisite foreseeability. Opinion pp. 17-18 (citing legal standards for proximate cause and specific foreseeability), pp. 20-25 (analysis of Plaintiffs' allegations supporting conclusion that the harm alleged by Plaintiffs "was far too unforeseeable for a finding of proximate causation," with citation to applicable legal malpractice proximate cause case law, including *Pietrangelo*, *Flax*, *Encyclopaedia Britannica, Inc.*, *Biomet, Inc.*, and *Rocha*).

In their Opposition, Plaintiffs conceded by their silence that the *Peterson* settlement agreement was not foreseeable in March 2009. *See* Reply, pp. 10-11. Now, they expressly concede it. *See.* Mot. p. 3 ("Perhaps when Defendants' representation of Plaintiffs began nobody could have foreseen the *Peterson* litigation and settlement."). Thus, it seems their arguments that only weak, general, and nonspecific foreseeability is all that is required to establish proximate cause is a tacit acknowledgement that this Court correctly concluded that the *Peterson* settlement agreement was not foreseeable at any time relevant to the allegations of the Complaint.[3]

Plaintiffs assert that their use of examples like *Weinstein*, *Rubin*, *Bland*, *Wultz*, and *Frym* are sufficient to establish causation because, from these cases a jury somehow could conclude that absent the alleged negligence, Plaintiffs would "have had a judgment against Iran in time to have shared in the *Peterson* settlement." Mot. at 4. This discussion of but-for causation is a separate

---

[3] As the *Peterson* settlement agreement was not foreseeable to Defendants at the time the Botvins' Lawyers were making decisions about the way forward for the Botvins' litigation, Defendants could not have had any duty to foresee the *Peterson* settlement agreement. Therefore, Plaintiffs' allegations are also deficient with respect to the standard of care element of a legal malpractice claim.

issue from proximate causation and irrelevant to the grounds for the Court's Opinion. *Compare* Opinion at 18-20 (concluding the allegations of Plaintiffs' Complaint were plausible for actual causation) *with* 20-27 (concluding Plaintiffs' Complaint was deficient for lack of foreseeability precluding a finding of proximate cause). The Court properly and thoroughly addressed why each of these cases illustrated the lack of foreseeability problem in Plaintiffs' Complaint. Opinion at 21-25.[4] Finally, Plaintiffs' reference to the USVSST Fund and claim that the terrorism victims who have gotten partial satisfaction of their judgments from this Fund "all were represented by johnny-on-the-spot lawyers who timely prosecuted their cases and got them their judgments," Mot. at 5, is truly odd as Plaintiffs are among those terrorism victims who have received USVSST funds in partial satisfaction of their judgments against Iran. Opinion at 13 & n.3 (the Botvin Family received a $2,772,785.80 award from the USVSST Fund).

The foreseeability and proximate cause tests Plaintiffs claim should apply to their allegations were fully briefed by the parties, properly considered by the Court, and rejected in the Court's Opinion at Discussion section III.B.1, pages 20-26, with citation to the applicable legal authority and well-reasoned analysis. Plaintiffs' Motion for Reconsideration should be summarily denied because it is nothing more than an impermissible attempt to reargue theories on which the Court has already ruled. This is not a sufficient ground for relief under Rule 59(e) or 60(b)(6). Moreover, the Motion should be denied because the Court's conclusion that Plaintiffs failed to adequately allege proximate causation was legally correct for the reasons stated in Defendants' Motion to Dismiss, Reply, and this filing.

---

[4] Plaintiffs' attempt to draw analogies to these cases of other terrorism victims was fully made in the underlying briefing. Opp. at 29-30. These cases and their lack of relevance to Plaintiffs' Complaint were also fully briefed by Defendants. Motion to Dismiss, ECF No. 5, at 5 n.5, 26-27, 32 n.22, 33-34 & nn.23-24; Reply at 9 n.7, 10 n.8.

9

IV.   **PLAINTIFFS' MOTION FOR RECONSIDERATION FAILS TO PROVIDE ANY AUTHORITY FOR ITS PROPOSITION THAT THE OUTCOME OF *BOTVIN II* WAS NOT SPECULATIVE**

There is no question that this Court appropriately found Plaintiffs' claims about what would have happened if the Botvins' Lawyers had pursued a different course of action in 2008 were speculation inadequate to state a plausible claim for relief. In their Motion for Reconsideration, Plaintiffs spend two pages detailing their allegations about various ways Defendants allegedly breached the standard of care. Mot. at 5-6. The Court's Opinion did not turn on the adequacy of Plaintiffs' standard of care allegations, but their proximate cause allegations. Opinion at 17 n.7.[5]

Plaintiffs' argument is again nothing more than attempted re-litigation of failed arguments they already asserted. Again, Plaintiffs describe how their request for reconsideration is based exclusively on the arguments and case law cited in the Opposition filing already carefully considered by the Court before issuing its Opinion and Order. Mot. at 8 ("Point III of Plaintiffs' brief cited the applicable standard" and "laid out the anticipated basis" for its argument). This rehashing of arguments and case law that were not persuasive in the previous briefing is not a basis for reconsidering the Court's Opinion and Order. Plaintiffs contend the Court should have allowed the allegations of the Complaint to be presented to a jury as questions of fact. Mot. At 6-8. But, the Court correctly set forth the authority for when proximate causation becomes a question of law: "when the evidence will not support a rational finding of proximate cause." Opinion, p. 18 (citing *Majeska*). Here, the Court appropriately dismissed the Complaint, with prejudice, as Plaintiffs' allegations about the outcome of alternative course of action were pure conjecture at

---

[5] Defendants did challenge in their motion to dismiss the adequacy of Plaintiffs' standard of care allegations by arguing Defendants' handling of Plaintiffs' litigation were "matters of professional judgment for which they are entitled to immunity." Motion to Dismiss, ECF No. 5, pp. 23-28. The Court did not address Defendants' judgmental immunity argument in its Opinion because it granted the motion to dismiss based on lack of proximate cause. Opinion p. 16 n.6.

every level—as to when a judgment would have been issued, as to what that judgment would have been, and as to what private settlement agreement negotiations would have been had the Botvin Family's judgments been entered earlier and if they had been included in the negotiations.

Plaintiffs' speculative and unforeseeable theory of causation was fully briefed in the parties' filings, properly considered by the Court, and rejected in the Court's Opinion at Discussion section III.B.2, pages 26-27, with analysis consistent with applicable D.C. law. Plaintiffs' Motion for Reconsideration is an inappropriate attempt to reargue theories on which the Court has already ruled, which case law interpreting Rule 59(e) and 60(b)(6) makes clear will not justify reconsideration. Moreover, the Motion should be denied because the Court's conclusion that Plaintiffs causation theory was speculative was legally correct for the reasons stated in Defendants' Motion to Dismiss, Reply, and this filing. Accordingly, this Court appropriately dismissed Plaintiffs' Complaint with prejudice in its Order, and should deny Plaintiffs' Motion for Reconsideration.

## CONCLUSION

Here, Plaintiffs have utterly failed to identify sufficient grounds for the extraordinary remedy of reconsideration of the Court's properly deliberated Opinion and Order on proximate cause. They take issue with the Court's legal conclusions that the allegations of Plaintiff's Complaint were speculative and could not establish the requisite proximate cause to state a claim for legal malpractice. Plaintiffs' legal theory was rejected by the Court and they now impermissibly seek to use Rules 52(b), 59(e), and 60(b) as an avenue to relitigate issues that were decided against them on Defendants' Motion to Dismiss. Plaintiffs' motion must be denied. *Stankevich v. Kaplan*, Civil Action No. 15-827 (RCL), 2016 U.S. Dist. LEXIS 202793, at *4-5 (D.D.C. Aug. 12, 2016).

**WHEREFORE**, Defendants The Heideman Law Group, P.C. d/b/a Heideman Nudelman & Kalik, P.C., Richard Heideman, Noel Nudelman, and Tracy Reichman Kalik, respectfully request this Honorable Court deny Plaintiffs' Motion for Reconsideration, and for such other relief as this Court deems just and proper.

Date: November 7, 2022                    Respectfully submitted,

                                          **WILSON, ELSER, MOSKOWITZ,**
                                          **EDELMAN & DICKER LLP**

                                          */s/ Jason R. Waters*
                                          Jason R. Waters (#491066)
                                          Callyson T. Grove (#1015612)
                                          1500 K Street, N.W., Suite 330
                                          Washington, D.C. 20005
                                          (202) 626-7660
                                          (202) 628-3606 facsimile
                                          Jason.Waters@wilsonelser.com
                                          Callyson.Grove@wilsonelser.com
                                          *Counsel for Defendants The Heideman Law Group,*
                                          *P.C. d/b/a Heideman Nudelman & Kalik, P.C.;*
                                          *Richard Heideman; Noel Nudelman; and Tracy*
                                          *Reichman Kalik*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2022, I electronically filed and served Defendants' Opposition to Plaintiffs' Motion for Reconsideration using the Court's CM/ECF system on counsel of record for all parties in this action.

        Robert J. Tolchin
        The Berkman Law Office, LLC
        111 Livingston Street, Suite 1928
        Brooklyn, NY 11201
        *Counsel for Plaintiffs*

                                          */s/ Jason R. Waters*
                                          Jason R. Waters, Esquire

276892195v.3