**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

--------------------------------------------------------------------- X

ESTATE OF YAEL BOTVIN, *et al.*,

                    Plaintiffs,

             -against-

HEIDEMAN, NUDELMAN & KALIK, P.C., *et al*,

                  Defendants.

Docket No:
21-cv-3186 (RCL)

--------------------------------------------------------------------- X

## PLAINTIFFS' MEMORANDUM OF LAW IN
## REPLY ON MOTION FOR RECONSIDRATION

      Plaintiffs respectfully submit this Memorandum of Law in Reply with respect to their motion for reconsideration of this Court's Memorandum Opinion of September 27, 2022 (Dkt. 14) ("Opinion") and Order of the same date (Dkt. 15) ("Order") which granted Defendants' motion to dismiss on the issue of foreseeability. Plaintiffs will not repeat arguments raised in their opening papers on this motion for reconsideration. Rather, Plaintiffs will simply respond to a limited number of key issues raised in Defendants' opposition papers. As to any other issue raised in the motion for reconsideration Plaintiffs rest on their opening motion papers.

### A.       Reconsideration is Available

      Plaintiffs' opening motion papers invoked multiple provisions that generally allow reconsideration in various contexts. Defendants correctly point out that certain of the provisions invoked in the motion are not applicable to the present context. However, "a motion to alter or amend a judgment" pursuant to a Fed. R. Civ. P. 59(e) is certainly available, and as to Rule 59(e) even Defendants limit themselves to merely saying that the issues raised are not so egregious as to

warrant relief, not that the motion is procedurally incorrect. It is understandable that Defendants like having won and wish to preserve that victory, so naturally they oppose the present motion, but the law is clear that on a motion to alter or amend a judgment pursuant to Rule 59(e) reconsideration can be granted when there are "errors of law or fact which need correction." *Nat'l Tr. for Historic Pres. v. Dep't of State,* 834 F. Supp. 453, 455 (1993). That is exactly the circumstance here.

**B.      The Foreseeability Issue Should Have Been Left for a Jury to Determine**

The main point raised by Plaintiffs' motion for reconsideration is that this Court's September 27, 2022 Opinion did not correctly engage on the issue of foreseeability, which is part of the larger issue of proximate cause. While the Court ultimately dismissed the action on the ground of non-foreseeability, the Court did so without any direct discussion of the applicable law or the cases cited and arguments made by Plaintiffs, and failed to limit itself to the usual analysis for deciding a Fed. R. Civ. P. 12(b)(6) motion as to whether the complaint states a cause of action, being careful to "accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff," *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), leaving the issue ultimately to be determined at trial. Defendants' opposition to the motion for reconsideration claims that the Opinion contains on pages 17-18 thereof "a lengthy discussion of the foreseeability required to establish proximate causation in a legal malpractice claim" (Def. Memo, Dkt. 17, p. 8), but Defendants grossly exaggerate. The cited portion of the Opinion is anything but a "lengthy discussion"—or even a "discussion" at all. Rather, it consists of quick citation of some standard cases with a one-sentence distillation of the general holding of each case. The rest of the treatment of foreseeability in the Opinion consists of this Court making ultimate conclusions as if the Court were writing findings of fact and conclusions of law after a bench trial,

or perhaps deciding a summary judgment motion, not deciding a Rule 12(b)(6) motion to dismiss. Because the Court did not engage directly with the issues raised by Plaintiffs, the Court should grant reconsideration for the purposes of doing so, and upon analysis of those issues the Court should vacate the Order and issue in its place an order denying Defendants' motion to dismiss and flagging the foreseeability issue as an issue to be determined at trial with the benefit of discovery.

As stated in Plaintiffs' opening brief on this motion for reconsideration, Plaintiffs had cited *District of Columbia v. Harris,* 770 A.2d 82 (D.C. 2001) in their opposition to Defendants' motion to dismiss, but the Court did not address that case or its holding that "[t]he "defendant need not have foreseen the precise injury, nor should [he] have had notice of the particular method in which a harm would occur, if the possibility of harm was clear to the ordinary prudent eye." *Id.,* 770 A.2d at 92, quoting *Spar v. Obwoya,* 369 A.2d 173, 177 (D.C. 1977).

A seminal case regarding proximate cause and foreseeability in legal malpractice cases under Washington, D.C. law is *Dalo v. Kivitz*, 596 A.2d 35 (D.C. 1991). The *Dalo* court wrote:

> As with any tort action, legal malpractice liability is predicated on a finding that the injury was proximately caused by the breach of duty. *District of Columbia v. Freeman,* 477 A.2d 713, 715-16 (D.C. 1984) (tortious act must "play a central role" in the injury or be a "substantial factor" leading to the harm). Proximate cause exists when there is a "substantial and direct causal link" between the attorney's breach and the injury sustained by the client. *Id.* at 716. A defendant "will be held responsible for the damages which result despite the entry of another act in the chain of causation" if that subsequent act reasonably could have "been anticipated and protected against." *St. Paul Fire & Marine Ins. Co. v. James G. Davis Constr. Co.,* 350 A.2d 751, 752 (D.C. 1976); *see McKethean v. WMATA,* 588 A.2d 708, 716 (D.C. 1991). By contrast, an intervening act not reasonably foreseeable (sometimes referred to as a "superseding cause") breaks the chain of causation and relieves the wrongdoer of liability. *St. Paul Fire & Marine Ins. Co.,* 350 A.2d at 752; *McKethean,* 588 A.2d at 716.

*Id.,* 596 A.2d at 41-42.

To illustrate the sorts of intervening acts that are reasonably foreseeable so they do not disrupt the chain of causation, the *Dalo* court included a footnote summarizing scenarios arising in a series of cases from around the country, all of which involved a much more significant intervening act than anything that can be said to be present in our case, yet were not deemed by the District of Columbia Court of Appeals to have rendered the outcome unforeseeable:

> *Collins v. Perrine,* 108 N.M. 714, 718, 778 P.2d 912, 916-17 (N.M. Ct. App.), *cert. denied,* 108 N.M. 681, 777 P.2d 1325 (1989) (change in law abolishing joint and several liability not an independent intervening cause that relieved attorney of liability for negligently preparing medical malpractice case and recommending settlement); *John B. Gunn Law Corp. v. Maynard,* 189 Cal. App. 3d 1565, 1572, 235 Cal. Rptr. 180, 184 (1987) (even though client may have been sued regardless of attorney's deficiencies in drafting will, as long as mistake in will drafting was substantial factor "that caused this whole series of legal events to commence," malpractice liability properly found); *Hilt v. Bernstein,* 75 Or. App. 502, 511, 707 P.2d 88, 94 (1985), *review denied,* 300 Or. 545, 715 P.2d 92 (1986) (wife's domestic relations attorney liable for malpractice when husband converted funds for personal use pursuant to power of attorney prepared and approved by wife's attorney, because attorney knew that husband's financial distress had potential to result in conversion); *Shealy v. Walters,* 273 S.C. 330, 337, 256 S.E.2d 739, 743 (1979) (attorney liable for malpractice even though unappealed court order caused client to lose title to land when attorney's wrongful alteration of deed caused litigation that resulted in loss); *Ward v. Arnold,* 52 Wash. 2d 581, 584, 328 P.2d 164, 166-67 (1958) (attorney liable for malpractice even though client failed to have will prepared by attorney properly executed, when client relied on attorney's erroneous advice that will was unnecessary).

*Id.*, 596 A.2d at 42 n.18.

This Court's Opinion already acknowledged that "certain actions and decisions by the Heideman defendants undoubtedly delayed the Botvin Family's judgments," (Opinion, pp. 18-19) "missteps [that] cost the plaintiffs years in litigation time," *id.* This Court dismissed Plaintiffs' complaint only because this Court set up an impossible foreseeability hurdle focusing on intervening events that this Court held Defendants would have had to specifically anticipate.

Yet the *Dalo* court cited with approval the decision of the Court of Appeals of New Mexico in *Collins v. Perrine,* 108 N.M. 714 (N.M. Ct. App.). *Dalo,* 596 A.2d at 42 n.18. In *Collins* an attorney undertook a medical malpractice case. He sued one set of defendants and settled. At the time of the settlement tort law in New Mexico included joint and several liability such that plaintiff could have settled against Defendant A for any amount and then pursue full damages against Defendant B. Thereafter, another defendant was sued and a large verdict obtained. However, in the interim the New Mexico courts had abolished joint and several liability such that a plaintiff could recover from a defendant only for the damages that defendant had caused. It turned out that because of the intervening change of law by settling the first case for a small amount plaintiff had given up his claim against the party that was most at fault and thereby most of the value of the case. Sued for legal malpractice, the lawyer argued that the change of law was an unforeseeable independent intervening cause that broke the chain of causation. The legal malpractice action was tried to a jury and the jury sided with the plaintiff against the lawyer. *Collins*, 778 P.2d at 914-15.

The Court of Appeals held:

Based on this discussion, the fact that, with hindsight, we can say that Mikey might have been able to recover the full amount of his damages from IHS, except for the change in law, does not transform the change of law into an independent intervening cause. Nor does it matter whether Perrine could have foreseen the change in law. ***Foreseeability does not mean that the precise hazard or exact consequences should have been foreseen****. Harless v. Ewing.* It was enough that a reasonable person could anticipate that Perrine's negligence would lead to the loss of Mikey's claim against Presbyterian and Dr. Sollins.

*Id.*, 778 P.2d at 916. (Emphasis added).

Notably, the foreseeability issue in *Collins* was decided in the first instance by a jury. This is correct. As Plaintiffs have noted all along:

Questions of proximate cause are nearly always left to the jury to decide; it is appropriate to do the same here. "[C]ases are rare where issues of negligence and

proximate cause can be taken from the jury and decided by the court as a matter of law." *District of Columbia v. Harris*, 770 A.2d 82, 89 (D.C. 2001). Under D.C. law, the "'defendant need not have foreseen the precise injury, nor should [he] have had notice of the particular method in which a harm would occur, if the possibility of harm was clear to the ordinary prudent eye.'" *Id.* at 92 (quoting *Spar v. Obwoya*, 369 A.2d 173, 177 (D.C. 1977)). Whether the harm here was reasonably foreseeable is a question of fact for the jury; the Court will not as a matter of law limit Ms. Virtue's duty or rule on proximate cause based on reasonable foreseeability.

*Atlanta Channel, Inc. v. Solomon*, Civil Action No. 15-1823 (RC), 2020 U.S. Dist. LEXIS 130282, at *22-23 (D.D.C. July 23, 2020) (square brackets in original).

"[P]roximate causation is ordinarily a question of fact for the jury…[and] it is only the exceptional case in which questions of proximate cause pass from the realm of fact to one of law." *In re Fort Totten Metrorail Cases Arising Out of Events of June 22, 2009*, 895 F. Supp. 2d 48, 70 (D.D.C. 2012). Triers of fact determine not only whether a defendant's negligence proximately caused damage to the plaintiff, but also the extent of the plaintiff's damage that the defendant proximately caused. *See e.g., Jefferson v. Ourisman Chevrolet Co., Inc.*, 615 A.2d 582, 584-585 (D.C. 1992) (upholding verdict resulting from the following jury instruction: "If you find that the defendant was negligent, but that his negligence was not the proximate cause of the damages to the extent claimed by the plaintiff, then the plaintiff may recover only the portion of the damages which resulted proximately from the defendant's negligence.).

*Beach TV Props. v. Solomon*, 306 F. Supp. 3d 70, 96 (D.D.C. 2018).

[P]roximate causation is ordinarily a question of fact for the jury. *See* ECF No.425-1 at 22. Indeed, the cases are legion holding that it is only the "exceptional case" in which questions of proximate cause "pass from the realm of fact to one of law." *Majeska v. District of Columbia,* 812 A.2d 948, 950 (D.C. 2002) (emphasis added); *accord Rieser,* 563 F.2d at 480 ("Proximate causation, including the question of superseding cause,… is ordinarily a question of fact for the jury."); *Smith v. Hope Village, Inc.,* 481 F. Supp. 2d 172, 185 (D.D.C. 2007) (Walton, *J.*) (citing cases).

*Jenkins v. Wash. Area Transit Auth. (In re Fort Totten Metrorail Cases),* 895 F. Supp. 2d 48, 70 (D.D.C. 2012)

If a surgeon fails to properly wash her hands and a patient undergoing surgery develops a rare infection transmitted via the surgeon's hands from a doorknob she touched which had been touched by someone else who had recently returned from a distant land where the rare infection was common, is the surgeon not liable for malpractice just because the particular infection scenario was not precisely foreseeable? Of course she is. Failing to follow sterile technique leads to infections. The particular strain of infection, whether it is transmitted via a doorknob or some other object, and whether one would foresee the presence of an exotic foreign pathogen are all beside the point. So too in our case. Defendants' negligence as acknowledged in the Opinion (Opinion, pp. 18-19) delayed Plaintiffs from obtaining a judgment for many years. During those years Plaintiffs lost out on being able to participate in the Clearstream / *Peterson* case, a major opportunity to collect substantial money from Iran. Had they not lost this opportunity they would have collected far more than what they collected from the USVSST Fund.[1] Could a reasonable lawyer have foreseen in advance the precise sequence of events described on page 20 of the Opinion? Perhaps, or perhaps not. But that does not matter since the type of harm Plaintiffs suffered is the type of harm that one would expect—*i.e.,* harm that is foreseeable—even if the "precise hazard or exact consequences," *Collins,* 778 P.2d at 916, were not specifically anticipated.

It was error for the Court to decide this issue on a pre-answer motion to dismiss based solely on pleadings and the arguments of counsel. For all we know Defendants will testify on cross

---

[1] Defendants harp on Plaintiffs' having recovered money from the USVSST Fund, as if that absolves their liability. However, not only would Plaintiffs have recovered substantially more money from Clearstream / *Peterson* than they did from the USVSST Fund, but also Defendants are not absolved form their negligence just because Plaintiffs can make a claim against some other party. "An attorney's misconduct may result in legal malpractice liability as the proximate cause of injury even when the client has other alternative, equally effective remedies for that injury." *Dalo,* 596 A.2d at 42 n.17.

examination that they did in fact anticipate the exact scenario that happened, an expert will give a persuasive opinion why they should have anticipated, or sufficient evidence will be presented to allow a jury to conclude that a reasonably prudent attorney should have anticipated it. This is all for later in the case. The Court should not have simply adopted Defendants' factual contentions to dismiss he case on foreseeability grounds.

This Court has acknowledged that "[i]n all, the more than eight years spent between when the Botvin Family's retainer of the Heideman defendants and their final judgments could plausibly have prevented the Botvin Family from participating in the *Peterson* settlement." (Opinion, p. 20). And this Court has acknowledged that this extreme delay was the result of repeated negligence and bungling. (Opinion, p. 18-19). It is hardly far-fetched or a major leap of inferences that when a claim against a judgment scofflaw like Iran, which has many judgment-creditors vying for any discovered assets, is delayed for years it is foreseeable that potential collection opportunities will be lost. At the very least this foreseeability question should have been left for the jury to decide.

## **CONCLUSION**

For the reasons stated herein, in Plaintiffs' opening motion papers (Dkt. 16), and in Plaintiffs' Memorandum in Opposition (Dkt. 12), this Court should grant the within motion, reconsider the Opinion dated September 27, 2022 (Dkt. 14), and on reconsideration vacate the Opinion dated September 27, 2022 (Dkt. 14) and the Order dated September 27, 2020 (Dkt. 15), and substitute an order denying Defendants' pre-answer motion to dismiss.

Dated:   Brooklyn, New York
             December 5, 2022

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for Plaintiffs*

by: _____

    Robert J. Tolchin

829 East 15th Street[*]
Brooklyn, New York 11230
718-855-3627

---

[*] Please note new address.

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:    Brooklyn, New York
             December 5, 2022

_____
Robert J. Tolchin