UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF YAEL BOTVIN, *et al.*,

    *Plaintiffs*,

v.

HEIDEMAN NUDELMAN & KALIK, P.C., *et al.*,

    *Defendants*.

Case No. 1:21-cv-3186-RCL

## MEMORANDUM ORDER

Plaintiffs, Julie Goldberg-Botvin, Tamar Botvin Dagan, Michal Botvin, and the Estate of Yael Botvin (together, "Botvin Family"), move under Federal Rule of Civil Procedure 59(e)[1] for reconsideration of this Court's order granting the motion to dismiss filed by defendants The Heideman Law Group, P.C., Richard Heideman, Noel Nudelman, and Tracy Reichman Kalik (together, "Heideman defendants"). *See* Pls.' Mot., ECF No. 16. In their complaint, the Botvin Family claimed that the Heideman defendants committed legal malpractice during the course of their representation of the Botvin Family in lengthy Foreign Sovereign Immunities Act litigation by failing to secure a judgment against Iran in time for the Botvin Family to participate in a privately-negotiated settlement and disbursement of U.S.-based Iranian assets.[2] *See* Compl., ECF

---

[1] As will be discussed *infra* in Section III, though the Botvin Family's motion cites Rules 52(b) and 60(b) as well, their reply clarifies that they are only pursuing relief under Rule 59(e).

[2] In their motion for reconsideration, the plaintiffs attempt to recast their Complaint by arguing that "the proper formulation of the proximate cause issue in this case is whether it was foreseeable that Plaintiffs would lose opportunities to enforce a judgment against Iran," apparently independent from a lost opportunity to participate in the *Peterson* settlement. *See* Pls.' Mot. at 3. This recharacterization is in error because the "Complaint makes it abundantly clear that the only harm alleged was the inability to participate in the *Peterson* settlement agreement." *See* Defs.' Opp'n at 7 n.2 (citing Compl. ¶¶ 97, 102, 106–10, 117–18). The Botvin Family alleged that, had they been included in the *Peterson* settlement, they would have received $5,913,443.53. *See* Compl. ¶ 108. The Botvin Family restated this dollar figure in their first count for relief and claimed they were "entitled to recover the full extent of their damages as alleged herein." *See id.* ¶ 119. Therefore, because the inability to participate in the *Peterson* settlement was the only harm alleged in the Complaint, it was the only potential harm properly considered by the Court.

1

No. 1. This Court held that the Botvin Family had not plausibly pleaded proximate causation, and thus granted the Heideman defendants' motion to dismiss. *See Estate of Botvin v. Heideman Nudelman & Kalik, P.C.*, No. 21-cv-3186 (RCL), 2022 WL 4482734 (D.D.C. Sept. 27, 2022).

In their instant motion, the Botvin Family largely seeks to relitigate the same arguments they previously raised. The Heideman defendants opposed, Defs.' Opp'n, ECF No. 17, and the Botvin Family replied, Pls.' Reply, ECF No. 19. Because the Botvin Family has not established that they are entitled to relief under Federal Rule of Civil Procedure 59(e), their motion will be **DENIED**.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Such motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (citing Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). Motions to amend a judgment under Rule 59(e) are disfavored and should be granted only in extraordinary circumstances. *See Liberty Prop. Trust v. Republic Props. Corp.*, 570 F. Supp. 2d 95, 97–98 (D.D.C. 2008) (citing *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

## II. DISCUSSION

While the Botvin Family's motion claims entitlement to relief under Federal Rules of Civil Procedure 52(b), 59(e), and 60(b), the "[p]laintiffs completely fail[ed] to address the legal

2

standards that govern the relief they seek," Defs.' Opp'n at 2. The Botvin Family's reply attempts to excuse this misstep by saying that their motion "invoked multiple provisions that generally allow reconsideration in various contexts." Pls.' Reply at 1. The reply abandons any arguments under Rules 52(b) or 60(b) and insists that the plaintiffs are entitled to relief under Rule 59(e). *Id.* at 1–2. While the Court could deny the plaintiffs' motion for reconsideration based on their failure to cite applicable legal authority in their original motion, *see W. Int'l Secs. v. Devorah*, 181 F. Supp. 3d 85, 86 n.1 (D.D.C. 2014), the Court will nevertheless consider the Botvin Family's request for relief under Rule 59(e).[3]

After review, the Botvin Family's filings improperly relitigate failed arguments and otherwise fall short of demonstrating the "extraordinary circumstances" necessary for granting a Rule 59(e) motion. *See Liberty Prop. Trust*, 570 F. Supp. 2d at 97.

### A. The Botvin Family Has Not Demonstrated That the Court's Discussion of the Legal Standard for Proximate Cause in Legal Malpractice Cases Was Clear Error

The Botvin Family's motion for reconsideration largely centers on the contention that this Court erred by not adopting their proposed proximate causation standard. *See* Pls.' Mot. at 1–5. This Court already implicitly considered—and rejected—their argument when the Court cited the correct standard for proximate cause in a legal malpractice claim in its Memorandum Opinion. *See*

---

[3] Even if Rule 52(b) and Rule 60(b) were available, the Botvin Family would not be entitled to relief on either of those bases. First, a Rule 52(b) motion would be procedurally barred. That Rule provides that, upon a party's timely motion, "a court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). However, the Botvin Family's motion cannot properly seek relief under Rule 52(b) from this Court's order granting a motion dismiss because the Rule only permits an amendment to a "judgment *after a bench trial.*" *Stankevich v. Kaplan*, No. 15-cv-827 (RCL), 2016 WL 11714900, at *1 n.1 (D.D.C. Aug. 12, 2016) (quoting *Ashraf-Hassan v. Embassy of France*, 185 F. Supp. 3d 94, 108 (D.D.C. 2016)) (emphasis added). Second, a Rule 60(b) motion requires that "a party demonstrate[] 'extraordinary circumstances.'" *Marino v. Drug Enf't Admin.*, 685 F.3d 1076, 1079 (D.C. Cir. 2012) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 393 (1993)). Because "plaintiffs must clear a very high bar to obtain relief under Rule 60(b)(6)," *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007), the Rule "should be only sparingly used," *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). Thus, a Rule 60(b) motion would be meritless for the same reasons that the Botvin Family's Rule 59(e) motion is. *See Kramer*, 481 F.3d at 792.

*Estate of Botvin*, 2022 WL 4482734, at *9. The Court will now explicitly consider—and reject—that argument.

The Botvin Family urged this Court to adopt the proximate cause standard set forth by the D.C. Court of Appeals in *Spar v. Obwoya*, 369 A.2d 173 (D.C. 1977) and *District of Columbia v. Harris*, 770 A.2d 82 (D.C. 2001).[4] The argument falters at the start because both cases concerned a party's civil liability for injuries caused by intervening criminal acts of a third party, not legal malpractice. Instead, as this Court already explained, the correct legal standard for proximate causation in a legal malpractice case is the one laid out by the D.C. Court of Appeals in more recent, on-point cases such as *Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP*, 68 A.3d 697, 710 (D.C. 2013), *Biomet Inc. v. Finnegan Henderson LLP*, 967 A.2d 662, 668 (D.C. 2009), and *Flax v. Schertler*, 935 A.2d 1091, 1107–08 (D.C. 2007), as well as the standard explained by this Court in *Encyclopaedia Britannica, Inc. v. Dickstein Shapiro LLP*, 128 F. Supp. 3d 103, 110 (D.D.C. 2015), *aff'd*, 653 F. App'x 764 (D.C. Cir. 2016); *see Estate of Botvin*, 2022 WL 4482734, at *9, 11–12.

Even if *Spar* and *Harris* applied to the Botvin Family's case, they are clearly distinguishable. Both of those cases based their proximate causation analysis on a line from a nearly seventy-year-old decision factually similar to *Spar*: "A defendant need not have foreseen the precise injury, nor should (he) have had notice of the particular method in which a harm would occur, if the possibility of harm was clear to the ordinarily prudent eye." *Kendall v. Gore*, 236 F.2d 673, 682 (D.C. Cir. 1956) (internal quotation marks omitted). This statement of law is clearly limited to the facts of those cases; the proposition was last cited in this District in *Smith v. District*

---

[4] As this Court explained in its Memorandum Opinion, the substantive law of the District of Columbia governs the standard for legal malpractice cases heard by this Court. *See Bain v. Gary, Williams, Parenti, Watson & Gary, P.L.*, ___ F. Supp. 3d ___, 2022 WL 10460373, at *5 (D.D.C. Oct. 18, 2022).

4

*of Columbia*, No. 00-cv-0894 (GK), 2002 WL 33003939, at *10 (D.D.C. Nov. 19, 2002), another case alleging civil liability for injuries caused by a third party's criminal act. Even if the proposition is still viable outside of that specific context, the facts as alleged by the Botvin Family do not support the proposition's application here. In both *Spar* and *Harris*, the defendant was on notice of a clear possibility of harm of the type the plaintiff suffered. *See Spar*, 369 A.2d at 177 (holding that the shooting robbery of a tenant was foreseeable to a landlord in a negligence action when there had been burglaries and knifepoint robberies of other tenants); *Harris*, 770 A.2d at 92–93 (holding that a child's murder was foreseeable to the city in a negligence action when the city received numerous reports that the child was being physically abused). *Id.* at 177. Here, the Court clearly explained why the Botvin Family's examples of other plaintiffs who held judgments against Iran and participated in the *Peterson* settlement do not establish that the Heideman defendants were similarly on notice of the harm the Botvin Family alleged to have suffered. *See Estate of Botvin*, 2022 WL 4482734, at *11–13.

In their reply, the Botvin Family pivots their focus to *Dalo v. Kivitz*, 596 A.2d 35 (D.C. 1991) and launches into an in-depth discussion of an out-of-circuit decision cited by the *Dalo* court. *See* Pls.' Reply at 3–8. As an initial matter, it is well-settled that a party may not use a Rule 59(e) motion to "raise[] new arguments, all of which were previously available." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1161 (D.C. Cir. 2021). Even so, this strategy fares no better to demonstrate clear error. This Court expressly cited *Dalo* in its Memorandum Opinion, including the specific pin citation offered by the Botvin Family. *See Estate of Botvin*, 2022 WL 4482734, at *9 (citing *Dalo*, 596 A.2d at 42).

### B. The Botvin Family Has Not Demonstrated That This Court's Determination That the Plaintiffs Had Not Plausibly Pleaded That They Would Have Fared Better Had the Heideman Defendants Pursued the First § 1605A Claim Was Clear Error

5

Finally, the Botvin Family claims it was an error by this Court not to put to a jury their theory that the Heideman defendants could have secured a judgment against Iran more expeditiously had they pursued their second 28 U.S.C. § 1605A action. *See* Pls.' Mot. at 5–8. Yet, the "[p]laintiffs' allegations about the outcome of alternative course of action were pure conjecture at every level—as to when a judgment would have been issued, as to what that judgment would have been, and as to what private settlement agreement negotiations would have been had the Botvin Family's judgments been entered earlier and if they had been included in the negotiations." Defs.' Opp'n at 10–11. Because the Botvin Family failed to present, or even gesture to, evidence supporting their theory, this Court properly decided that the theory was inadequate to state a plausible claim for relief. *See Estate of Botvin*, 2022 WL 4482734, at *9 (citing *Majeska v. District of Columbia*, 812 A.2d 948, 950 (D.C. 2002)).

* * *

Because the plaintiffs do not point to an intervening change of controlling law, new evidence, clear error, or manifest injustice, the Court is under no obligation to exercise its "wide discretion" to grant relief under Rule 59(e). *See Ciralsky*, 355 F.3d at 671, 674.

### III.   CONCLUSION

The Botvin Family has failed to demonstrate they are entitled to reconsideration of this Court's September 27, 2022 order [15] under Federal Rules of Civil Procedure 52(b), 59(e) or 60(b). Therefore, it is hereby **ORDERED** that plaintiffs' Motion [16] for Reconsideration be **DENIED**.

**IT IS SO ORDERED.**

SIGNED this ____12th____ day of December, 2022.

Royce C. Lamberth
United States District Judge